605 A.2d 618

**Anthony TRIPLIN et al.**

v.

**Willie JACKSON.**

**No. 118, Sept. Term, 1991.**

Court of Appeals of Maryland.

April 30, 1992.

Alfred Nance (Alfred Nance & Associates, P.A., both on brief), Baltimore, for petitioners.

Willie Jackson, Darlington, S.C., for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

PER CURIAM.

At issue in this case is the propriety of the Circuit Court for Baltimore City's denial of a motion to strike or revise a judgment it entered against Anthony Triplin and Alice Triplin, Husband and Wife, the petitioners. We granted certiorari and now reverse.

The petitioners were sued in the District Court of Maryland sitting in Baltimore City by Willie Jackson, the respondent. The complaint alleged that the petitioners were responsible for water damage to the respondent's premises, for which the respondent sought $1600.00 in damages. *See* Maryland Code (1974, 1989 Repl.Vol.) § 4–405 of the Courts & Judicial Proc. Article.[1] When the trial resulted in a judgment being entered for the petitioners, the respondent noted an appeal, which was to be heard de novo in the circuit court. § 12–401(d) (1991 Cumm.Supp.).[2] The petitioners were not present when the case was called in the circuit court and the record did not reflect that they had been notified.[3] Nevertheless, the court proceeded to try the

---

1. That section provides:
   The District Court has exclusive jurisdiction over a small claim action, which, for purposes of this section, means a civil action for money in which the amount claimed does not exceed $2500.00 exclusive of interest, costs, and attorney's fees, if attorney's fees are recoverable by law or contract....

2. Subsection (d) provides:
   (d) *De novo and on-record appeals.*—In a civil case in which the amount in controversy exceeds $2500.00 exclusive of interest, costs, and attorney's fees, if attorney's fees are recoverable by law or contract, and in any case in which the parties so agree, an appeal shall be heard on the record made in the District Court. In every other case, including a criminal case in which sentence has been imposed or suspended following a plea of nolo contendere or guilty, and an appeal in a municipal infraction or Code violation case, an appeal shall be tried de novo.

3. The trial court having gone through the file commented:

case. It found in favor of the respondent, entering a judgment for $1600.00.

The petitioners moved, within 30 days of its entry, to strike and/or revise the judgment. *See* Maryland Rule 2–535(a).[4] The petitioners alleged, supported by their affidavits, that they "never received a notice of trial date from the clerk of the circuit court." They also asserted that they only became aware of the judgment against them when they received notice of outstanding court costs, that granting their motion would not prejudice the respondent, and that they had a meritorious defense. A hearing was held, but no evidence was taken. The court denied the motion.

The petitioners' motion was filed within 30 days of the entry of the judgment against them. It was supported by affidavits in which they swore that they had not received notices of the trial date. As indicated, the record did not reflect, by docket entry, copy of notice, or testimony that notice had been sent by the circuit court or that the petitioners were aware of the trial date. Only the unsworn statements of the respondent suggested that the petitioners may have been avoiding service and, therefore, that their denial of receipt of notice was a subterfuge. Under these circumstances, we hold that the trial court abused its discretion

---

Now, this does not have any of the summonses for this hearing today. Doesn't have—no, it doesn't. This is strictly the district court matter. I cannot tell from the file whether they have been properly summonsed or not properly summonsed. I am sure the computer might show that they were properly summonsed. But do you know where you can reach them, the Triplins?

**4.** This Rule provides:

(a) *Generally.*

On motion filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534.

Rule 2–534 permits the court to "open the judgment to receive additional evidence, ... amend its findings or its statement of reasons for the decision, ... set forth additional findings or reasons, ... enter new findings or new reasons, ... amend the judgment or ... enter a new judgment", so long as the motion was filed within ten days of the entry of judgment.

when it denied the petitioners' motion to strike or revise judgment.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY VACATED; CASE REMANDED TO THAT COURT FOR TRIAL.

COSTS TO ABIDE THE RESULT.